IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff, : | Case No. 1:17-cr-104-2 |
| : | |
| v. : | Judge Susan J. Dlott |
| : | |
| MIMI CHANG, : | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S PRIOR ORDER DENYING REDUCTION OF SENTENCE** |
|     Defendant. : | |

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 192) of the Court's Prior Order Denying Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 185). The United States opposes Defendant's motion (Doc. 194). For the reasons set forth below, Defendant's motion will be **DENIED**.

As explained in the Court's prior Order, Defendant Mimi Chang pled guilty to a single count of conspiracy to commit a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. (Doc. 181.) She admittedly participated in a violent crime during which she and her co-conspirators crossed state lines to attack two jewelry vendors and steal over $1,000,000 worth of diamonds and jewelry. Based on a total offense level of 22 and a criminal history category of I, the Sentencing Guidelines called for Chang to be incarcerated for 41 to 51 months. On February 7, 2019, the Court sentenced her to imprisonment for a term of only 24 months. (*Id.*) After the Court granted multiple requests to postpone her incarceration so she could arrange for another family member to assume responsibility for her mother's case, Chang finally self-surrendered in August 2019.

After serving less than nine months of her below-Guidelines sentence, Defendant moved this Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) alleging that her mother suffers from medical issues and speaks only Korean and the caregiver Chang arranged is no longer able or willing to provide continued care. (Doc. 183 at PageID 534–535.) Chang alleges that her brother is unwilling or unable to care for their mother. (Doc. 192 at PageID 658.)

The Court analyzed the appropriate factors set forth in 18 U.S.C. § 3553(a) and determined that Chang failed to establish extraordinary and compelling reasons to warrant the requested sentence reduction. (Doc. 185 at PageID 623–24.) Chang now seeks reconsideration of the Court's Order on the basis that she "does not seek a reduction in sentence" but instead asks the Court to "merely alter[ ] the venue in which she would be serving the sentence" to the home that she shared with her mother at the time she committed the serious crime at issue. (Doc. 192 at PageID 659.)

Pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 ("CARES Act"), § 12003(b)(2), the Bureau of Prisons ["BOP"] Director may, under certain circumstances, "lengthen the maximum amount of time" for which an inmate may serve part of his sentence as home confinement. The CARES Act empowers the BOP Director—not the Court—to extend home confinement. Thus, Defendant must seek such relief, if at all, from the Director.

Accordingly, Defendant's Motion for Reconsideration (Doc. 192) is hereby **DENIED**.

**IT IS SO ORDERED.**

_Susan J. Dlott_
Judge Susan J. Dlott
United States District Court